T.C. Memo. 1997-353


UNITED STATES TAX COURT


RANDALL L. KIRST and MARY M. KIRST, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22189-95.                    Filed July 31, 1997.


<u>Curt R. Craton</u>, for petitioners.

<u>Willis B. Douglass</u>, for respondent.


MEMORANDUM OPINION


WRIGHT, <u>Judge</u>:  Respondent determined a deficiency of
$25,561 in petitioners' Federal income tax for taxable year 1990.
Respondent further determined that petitioners are liable for the

accuracy-related penalty under section 6662(a)[1] in the amount of $5,112.  After concessions, the issues for decision are:

(1) Whether petitioners may defer recognition of gain realized from the sale of petitioner husband's former principal residence under section 1034(a).  We hold that they may not.

(2) Whether petitioners are liable for the accuracy-related penalty under section 6662(a).  We hold that they are.

This case was submitted fully stipulated pursuant to Rule 122.  The stipulation of facts and attached exhibits are incorporated herein.  Petitioners resided in Newport Beach, California, at the time the petition was filed in this case.

Petitioners were married on September 4, 1989.  Prior to their marriage, petitioner-husband's (Mr. Kirst) principal residence was located at 16421 Superior Street, Sepulveda, California (the Sepulveda property), and petitioner-wife's (Mrs. Kirst) principal residence was located at 17 Toulon Street, Newport Beach, California (the Newport Beach property).  Neither petitioner owned an interest in the other's principal residence prior to their marriage.  After the couple were married, Mr. Kirst changed his principal residence and began residing with Mrs. Kirst at the Newport Beach property.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect during the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Mrs. Kirst purchased the Newport Beach property in 1981 by assuming the former owner's existing mortgage (the Newport Beach mortgage). In April 1990, the principal balance remaining on that mortgage was $225,566.36.

On April 27, 1990, Mr. Kirst sold the Sepulveda property for $235,000 (the Sepulveda proceeds). He realized a gain of $81,968 on this sale. Sometime thereafter, Mr. Kirst transferred $120,000 of the Sepulveda proceeds to petitioners' joint bank account (the joint account). Mrs. Kirst withdrew at least $20,000 from this account for personal and business reasons. She also withdrew $40,000 from the joint account in order to pay a personal debt.

Prior to petitioners' marriage, Mr. Kirst maintained a checking account at a local bank. This account became the couple's joint checking account (the couple's joint checking account) after their marriage. Since May 1990, petitioners paid the mortgage on the Newport Beach property with checks drawn against the couple's joint checking account.

Using Form 2119, petitioners deferred recognition of the gain realized from the sale of the Sepulveda property. They attached this form to their timely filed 1990 return and indicated thereon that Mr. Kirst had not purchased a replacement property but that he intended to do so within the applicable replacement period.

Mr. Kirst did not have record title to the Newport Beach property at anytime prior to the submission of this case. However, on January 23, 1997, petitioners executed a written agreement entitled "Agreement Regarding Residential Property" (occasionally the agreement). The agreement purports to memorialize an oral agreement allegedly made on September 4, 1989, in which Mrs. Kirst agreed to transmute an interest in the Newport Beach property to Mr. Kirst in exchange for certain consideration. The preamble to this agreement indicates that petitioners intended for it to be effective as of April 27, 1990.

Issue 1. Principal Property, Section 1034.

As a general rule, gain realized from the sale or other disposition of property must be recognized. Sec. 1001(c). Section 1034 provides an exception to this general rule and allows a taxpayer to defer recognition of all or part of any gain realized on the sale of a principal residence if other property is purchased and used by the taxpayer as a new principal residence within the period beginning 2 years before the date of the sale and ending 2 years after that date (the replacement period). Under section 1034(a), gain is recognized only to the extent that the adjusted sales price of the old property exceeds the cost of purchasing the new property.

Petitioners argue that Mr. Kirst purchased an interest in the Newport Beach property, and that the amount of consideration

that he paid for that interest exceeded the adjusted sales price of the Sepulveda property.

Respondent maintains that Mr. Kirst did not purchase a new principal residence within the meaning of section 1034. In advancing this argument, respondent argues that petitioners are not entitled to nonrecognition treatment because Mr. Kirst did not obtain record title to the Newport Beach property during the replacement period. We agree with respondent.

Section 1034 is strictly construed. See Boesel v. Commissioner, 65 T.C. 378, 386 (1975); see also Lokan v. Commissioner, T.C. Memo. 1979-380; Bazzell v. Commissioner, T.C. Memo. 1967-101. If a taxpayer is to receive nonrecognition treatment under section 1034, it is essential that he or she maintain continuity of title. Marcello v. Commissioner, 380 F.2d 499, 502 (5th Cir. 1967), affg. on this issue and remanding on other issues T.C. Memo. 1964-299; Boesel v. Commissioner, supra; see also De Ocampo v. Commissioner, T.C. Memo. 1997-161; Allied Marine Sys., Inc. v. Commissioner, T.C. Memo. 1997-101; Edmondson v. Commissioner, T.C. Memo. 1996-393; Snowa v. Commissioner, T.C. Memo. 1995-336; May v. Commissioner, T.C. Memo. 1974-54; sec. 1.1034-1(b)(9), Income Tax Regs. This requirement operates to prevent taxpayers from enjoying the benefits of tax deferral while placing themselves in a position as nontitleholders to escape future recognition. See Boesel v. Commissioner, supra at 388.

Petitioners concede that Mr. Kirst did not obtain record title to the Newport Beach property during the replacement period. They contend, however, that obtaining record title was not necessary because Mrs. Kirst effectively transmuted an interest in the Newport Beach property to Mr. Kirst, and that such transmutation satisfies section 1034's continuity of title requirement.[2] Specifically, petitioners contend that, in exchange for consideration consisting of a portion of Sepulveda proceeds and the assumption of the Newport Beach mortgage, Mrs. Kirst orally agreed to transmute an interest in the Newport Beach property to Mr. Kirst. This agreement, according to petitioners, occurred on September 4, 1989, and was executed on April 27, 1990. The purported agreement was reduced to writing on January 23, 1997. Petitioners maintain that, while their oral agreement was not reduced to writing during the replacement period, the effect of their written agreement relates back to the date on which they entered their oral agreement, a date which petitioners maintain occurred during the replacement period.

We are unpersuaded by petitioners' argument that the effect of their written transmutation agreement, which was executed roughly 5 years after the close of the replacement period,

---

[2]California is a community property State, and property owned by a person before marriage remains the separate property of that person after marriage. Cal. Civ. Code secs. 5107, 5108, (West 1983). However, a married person's separate property may be transmuted into community property if the parties execute a written transmutation agreement. Cal. Civ. Code sec. 5110.710.

relates back to the date of the purported oral agreement.[3] The authority upon which petitioners rely does not espouse their argument. See Marriage of Garrity, 181 Cal. App. 3d. 675 (Ct. App. 1986). Suffice it to say that the Federal tax law cannot be circumvented in the manner advocated by petitioners.[4]

Mr. Kirst failed to obtain record title to the Newport Beach property during the replacement period. This alone prevents petitioners from deferring the gain realized from the sale of the Sepulveda property. As explained above, continuity of title is essential if a taxpayer is to receive nonrecognition treatment under section 1034. Marcello v. Commissioner, supra; Boesel v. Commissioner, supra.

---

[3]It is interesting to note that petitioners' argument is inconsistent with the evidence of record. That is, petitioners maintain that, in exchange for certain consideration, Mrs. Kirst orally agreed in September 1989 to transmute an interest in the Newport Beach property to Mr. Kirst. According to petitioners, that "exchange" occurred on April 27, 1990. However, when petitioners completed Form 2119, which was attached to their timely filed return for 1990 and was presumably prepared in 1991, they indicated that Mr. Kirst had yet to purchase a replacement principal residence. Petitioners fail to explain why the Form 2119 indicates that Mr. Kirst had yet to purchase a replacement principal residence, while petitioners now argue that the exchange or transmutation involved in their agreement occurred in April 1990.

[4]We do not consider the effect of a written transmutation agreement that is executed during the replacement period.

Accordingly, we hold that petitioners are required to recognize the gain realized from the sale of the Sepulveda property.[5]

Issue 2.  Section 6662.

Respondent determined that petitioners are liable for the accuracy-related penalty pursuant to section 6662(a).  Section 6662 imposes a penalty equal to 20 percent of the portion of an underpayment of tax that is attributable to any substantial understatement of tax.  Secs. 6662(a) and (b)(2).  An understatement of tax is substantial when it exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000.  Sec. 6662(d)(1)(A).  The amount of an understatement will be reduced if a taxpayer has substantial authority for the way an item was treated, or if the facts that affect the item's tax treatment are adequately disclosed on the return and there is a reasonable basis for the tax treatment of such item.  Sec. 6662(d)(2)(B).  Moreover, the accuracy-related penalty does not apply to any portion of an underpayment if there was reasonable cause for such portion and the taxpayer acted in good faith. Sec. 6664(c)(1).  A taxpayer has the burden of proving that respondent's determination is in error.   Rule 142(a).

---

[5]We have considered each of petitioners' allegations with respect to this issue and, to the extent not discussed herein, find them to be irrelevant or without merit.

Petitioners fail to address this issue in meaningful detail. They limit their argument to the contention that there is no underlying deficiency. Accordingly, under the facts and circumstances of this case, we conclude that petitioners have not carried their burden of refuting respondent's determination with respect to this issue. Respondent's determination is sustained.[6]

To reflect the foregoing,

Decision will be

entered under Rule 155.

---

[6]Respondent also argues that petitioners were negligent, but because we hold petitioners liable for the accuracy-related penalty due to their substantial understatement of income tax, we do not address the negligence issue.